Curia, per Richardson, J.
The costs of attorneys, sheriffs and clerks, are but a just remuneration for services rendered in suits at law. But courts cannot lose sight of the principle, that such costs can be demanded only when clearly allowed by statute. What, then, are the costs due to the sheriff and clerk in the case before the court upon *59 strict statutory law 1 Are they, in the terms of the Act of 1827, “full costs,” or only one fourth part of such “full costs.” The enactment is as follows. “That in all cases in which, separate suits are commenced on a joint and several note, bond or other obligation, the full costs by this Act allowed shall be charged on any one of the said cases, and the one fourth of the regular costs shall only be charged on such other separate actions as may be brought on the said note, bond or obligation.” Opinions cannot differ upon the literal import of this enactment; and the object in view is also very plain, to discourage the unnecessary accumulation of suits for the same debt, by giving small costs upon the additional suits. But attorneys, clerks and sheriffs are put upon one principle of reduction. Now, then, the proper question arises, has this enactment been impliedly, or rather necessarily, repealed by the more recent Acts of 1839 and 1840, made to alter the former, and substitute other fees, for clerks and sheriffs, in the place of those allowed by the Act of 1827 ?
There can be little doubt that the allowance of different costs by the latter Acts impliedly and necessarily disallowed the costs before given by the Act of ’27. Under the principle that costs must be clearly givén by statute, before they can be demanded, it is evident that such costs given by successive statutes are not cumulative, or additional, but the latter 'are substitutes in lieu and place of the former, and in this way, successive statutes to regulate costs or fees, repeal former statutes made for the same purpose.
Such an instance presents plainly what is meant by repealing a statute by implication. But on the other hand, statutes enacted in pari materia, are, as a general rule of construction for judicial exposition, to be made, if possible, to harmonize and assist each other so as to become of one law and system; and it is only when such statutes are clearly repugnant in their express provisions, or their essential objects, that the latter repeals the former. We are to apply such rules of construction. In the instance before the-court there may be two opinions.
On the circuit I thought the general substitute of different fees or costs, by the Acts of ’39 and ’40, necessarily re *60 pealed those of ’27; and of course, the 7 th section, so far as clerks and sheriffs were concerned, was also repealed. But when we weigh the general object of this section, to discourage additional actions upon the same debt, and the principle that no costs are allowed but such as are expressly given by statute, the better construction would seem to be, that the 7th section of the Act of ’27 enacts a general rule, which may well stand with the Acts of ’39 and ’40, and be incorporated with their provisions, so as to keep sheriffs and clerks, as well as attorneys, (there is no doubt as to the restriction on attorneys — they still take under the Act of ’27,) to the same rule of one-fourth of the regular costs or fees, in certain cases set forth in the said 7th section.
This construction preserves the evident object entire, and keeps all those agents of legal justice under one rule, meant and aimed at by the Act of ’27 as a wholsome restriction upon plenary, if not superfluous, suits upon the same contract, but preserving one measure of justice — I might add, of propriety — to all the officers concerned. In a word, this provision of the Act of ’27, being common to three classes, and obviously unrepealed as to attorneys, the implication of its repeal as to sheriffs and clerks, who are equally within its policy, is not plain and obvious.
The motion is therefore unanimously granted.
O’Neall, Evans, Butler, Wardlaw and Frost, JJ. concurred.